THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KARI MACRAE, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Civil Action Number: 21-11917-DJC |
| v. ) | |
| ) | |
| MATTHEW MATTOS, ) | |
| MATTHEW A. FERRON, and ) | (Leave to File Amended Complaint |
| HANOVER PUBLIC SCHOOLS, ) | Granted June 22, 2022; ECF No. 19) |
| ) | |
| *Defendants*. ) | |
| ) | |

## **AMENDED COMPLAINT**

Plaintiff Kari MacRae, by counsel and pursuant to 42 U.S.C. § 1983, brings this action against Defendants Matthew Mattos, Matthew A. Ferron, and Hanover Public Schools for violating Plaintiff's First Amendment rights and seeks compensatory and punitive damages, attorneys' fees, and all other appropriate relief.

### **JURISDICTION AND VENUE**

1. The Court has jurisdiction of this lawsuit under 28 U.S.C. §§ 1331 and 1343(a)(3).

2. Venue is proper under 28 U.S.C. § 1391(b)(2).

### **PARTIES**

3. Plaintiff Kari MacRae is an individual and resident of Bourne, Massachusetts.

4. Defendant Matthew Mattos is the Principal of Hanover High School. As principal, Mattos may hire and fire teachers at Hanover High School with prior approval by the superintendent. Gen. Laws ch. 71, §§ 42 and 59B.

5.	Defendant Matthew A. Ferron is the Superintendent of Hanover Public Schools. As superintendent, Ferron has the ultimate responsibility for hiring, firing and demoting Hanover Public Schools' teachers. *See* Gen. Laws ch. 71, §§ 42 and 59B; *see also Meagher v. Andover School Committee*, 94 F. Supp. 3d 21, 44 (D. Mass. 2015).

6.	Defendants Mattos and Ferron are sued in their personal capacities for actions taken under the color of state law.

7.	Defendant Hanover Public Schools is an entity of the Commonwealth of Massachusetts, a Massachusetts public employer within the meaning of Gen. Laws ch. 150E, § 1, and was, at all relevant times, the employer of Plaintiff.

## STATEMENT OF FACTS

8.	Starting in or around December 2020, Plaintiff began using the online social media app TikTok to express her views on matters of public concern. Sometimes she would create videos. Other times, she would post memes she found online. She also would "like" or respond to memes posted by other TikTok users. Plaintiff's username was @nanamacof4.

9.	In or around March 2021, Plaintiff launched her campaign for Bourne School Committee member because she wanted to give back to her community, which she loves and has been a resident of her whole life.

10.	The election for Bourne School Committee member was held on May 18, 2021. Plaintiff won the election and was sworn in on May 19, 2021.

11.	On August 25, 2021, Plaintiff was hired by Hanover Public Schools as a math/business teacher at Hanover High School beginning September 1, 2021. Plaintiff's salary for the 2021-2022 school year was $70,496.00.

12. On September 17, 2021, the Cape Cod Times reported that the Bourne teachers' union planned to seek Plaintiff's resignation from the Bourne School Committee because of a video posted by Plaintiff on TikTok.

13. On or about September 21, 2021, Defendant Mattos informed Plaintiff that he opened an investigation into Plaintiff's social media posts. He also notified Plaintiff that she was being placed on paid administrative leave pending the investigation.

14. On September 22, 2021, the Boston Globe also reported on the Bourne teachers' union's call for Plaintiff to resign from the Bourne School Committee. In the article, the Boston Globe referenced six memes and two videos that appeared on Plaintiff's TikTok account.

15. Neither the Cape Cod Times nor the Boston Globe article identified Plaintiff as a Hanover High School teacher.

16. All of Plaintiff's posts were on her personal TikTok account and posted several months before Plaintiff became a teacher at Hanover High School. None of Plaintiff's posts identified her as a teacher or a Hanover Public Schools' employee, nor did Plaintiff post them in her capacity as a teacher or a Hanover Public Schools' employee.

17. Plaintiff created one of the videos on May 18, 2021 as part of her campaign for school committee member. In the video, Plaintiff stated, in part:

> So pretty much the reason I ran for school board and the reason I'm taking on this responsibility is to ensure that students, at least in our town, are not being taught critical race theory. That they're not being taught that the country was built on racism. So they're not being taught that they can choose whether or not they want to be a girl or a boy. It's one thing to include and it's one thing to be inclusive. And it's one thing to educate everybody about everything. It's completely another thing to push your agenda. And, with me on the school board, that won't happen in our town.

18. On September 24, 2021, Plaintiff met with Defendant Mattos. At that time, Defendant Mattos informed Plaintiff that he was specifically investigating the impact of the six memes and two TikTok videos referenced in the September 22, 2021 Boston Globe article.

19. During the meeting, Plaintiff stated that the social media posts referenced in the September 22, 2021 Boston Globe article were posted prior to Plaintiff's employment at Hanover Public Schools. Plaintiff also explained that she posted the memes and videos in her personal capacity as a citizen and candidate for public office.

20. By letter dated September 29, 2021, Defendant Mattos fired Plaintiff from her position at Hanover High School, stating "I have determined that continuing your employment in light of your social media posts would have a significant impact on student learning at HHS."

21. Defendant Mattos did not identify the significant impact on student learning at HHS.

22. On information and belief, Plaintiff's social media posts did not cause any disruptions in the classroom. Nor did Defendant Mattos inform Plaintiff that any disruptions occurred.

23. On information and belief, no Hanover High School parent or student raised concerns about Plaintiff's employment at Hanover High School because of the social media posts. Nor did Defendant Mattos inform Plaintiff of any raised concerns.

24. The decision to fire Plaintiff was made on or about September 24, 2021 by Defendant Mattos, Defendant Ferron, and Matthew Plummer, Hanover Public Schools' Curriculum Director

25. Plaintiff has suffered loss of earning, emotional distress, loss of reputation, and harassment as a result of being fired by Principal Mattos and Superintendent Ferron.

## COUNT I
(42 U.S.C. § 1983 – Retaliation for Protected Speech)

26. Plaintiff realleges paragraphs 1-25 as if fully stated herein.

27. Plaintiff enjoys the right to Freedom of Speech as protected by the First Amendment to the United States Constitution.

28. At all relevant times, Plaintiff was engaged in constitutionally protected speech when she posted content on social media that addressed matters of public concern. At all relevant times, Plaintiff's posting on social media was undertaken in her capacity as a citizen and candidate, not as a Hanover High School math/business teacher.

29. Defendants Mattos and Ferron, acting under color of Massachusetts law, deprived Plaintiff of her rights under the First Amendment to the United States Constitution when they fired Plaintiff for exercising her right to Freedom of Speech.

30. Defendant Ferron had final policy making authority for Defendant Hanover Public Schools. Accordingly, Defendant Ferron had authority to set policy for Defendant Hanover Public Schools and did set policy for Defendant Hanover Public Schools in terminating Plaintiff's employment.

31. Defendants' firing of Plaintiff constitutes an adverse employment action.

32. Plaintiff's interest in speaking out as a citizen and candidate about matters of public concern outweighs any interest Defendants may have had in promoting the efficiency of the educational and other services Hanover Public Schools provides.

33. Plaintiff's protected speech was a substantial or motivating factor in Defendants' decision to fire her, and but for Plaintiff's protected speech, she would not have been fired.

34. Plaintiff suffered loss of earning, emotional distress, loss of reputation, and harassment as a direct and proximate result of Defendants' violation of her constitutional rights.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in her favor against Defendants, jointly and severally, as follows: (1) an award of compensatory damages against all Defendants; (2) an award of punitive damages against Defendants Mattos and Ferron; (3) an award of reasonable attorneys' fees and costs, and (4) all other such relief that the Court deems just and proper.

\* \* \*

**PLAINTIFF DEMANDS A JURY TRIAL**

Dated:  June 23, 2022                                         Respectfully submitted,

/s/ Michael Bekesha
Michael Bekesha (BBO No. 675787)
Judicial Watch, Inc.
425 Third Street, S.W., Suite 800
Washington, DC 20024
Tel: (202) 646-5172

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 23, 2022.

/s/ Michael Bekesha