UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 1:21-cv-11917

KARI MACRAE

    Plaintiff,

v.

MATTHEW MATTOS,
MATTHEW A. FERRON, and
HANOVER PUBLIC SCHOOLS,

    Defendants.

## DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S AFFIDAVIT SUBMITTED IN SUPPORT OF HER SUMMARY JUDGMENT OPPOSITION

In support of her opposition to Defendants' motion for summary judgment, Plaintiff has submitted an affidavit (Document 36-2, Exhibit S) that she repeatedly refers back to throughout her Opposition, additional proposed statement of facts and responses to Defendant's statement of facts, all for the same purpose – to claim disputes of fact exist, based on what she has included in the affidavit itself. This is an obvious ploy made to avoid summary judgment. Plaintiff's affidavit seeks to materially alter prior deposition testimony and then rely on the so-called newly realized assertions to state that disputes of fact now exist.

In her affidavit, Plaintiff purports to all of a sudden recall certain details about the TikTok posts at issue in this case although she could not recall them when asked at her deposition. For example, Plaintiff submits, through her affidavit, that she "can now confirm" a number of aspects regarding the nature of when the social media posts at issue were posted and by whom. At her deposition, however, she was provided a copy of the social media posts and asked the

same question. She responded that she could not recall. *See* Document 29-3 at pp. 63:9-21. Now, however, although Plaintiff "assumed" during her deposition that she posted the "Track Meet" meme, she states in her affidavit it was, in fact, posted by another TikTok user. *See* Document 26-2, ¶10. Plaintiff then uses these same new "facts" as a means to claim numerous of Defendants' statement of facts are disputed. *See* Document 36, ¶¶ 12, 13, 14, 15, 16, 20, 21, 35, 36, 50.[1] These new facts regarding how and when the posts were made, including the "Track Meet" meme, are subsequently relied upon in numerous sections of Plaintiff's Opposition to argue summary judgment cannot enter because of the factual disputes effectively created by her affidavit . *See* Document 35 at pp. 6-7, 9-11.

Similarly, Plaintiff's affidavit now states that a video she created on Election Day was part of her campaign – another new assertion not raised during her deposition. *See* Document 26-2, ¶13. This, in turn, is then relied upon in Plaintiff's Opposition to question if the "campaign" video (i.e., suggesting it was her political views) factored into the Defendants' thinking when deciding to terminate her employment. *See* Document 35 at pp. 5-6. In a separate section, the Plaintiff relies upon the same new claims to argue the Defendants "misinterpreted" the posts.[2] *See* Document 35 at pp. 9-11.

---

[1] In these, Plaintiff refers to Plaintiff's Exhibit F, a copy of the memes. However, the claim is that the memes were not all posted by Plaintiff, premised upon her new affidavit, although not cited in these paragraphs.

[2] Notably, Plaintiff's opposition states, on p. 9 that, "MacRae's social media posts were made in the context of her campaign for elected office." Nowhere in her affidavit (or anywhere else) does Plaintiff assert <u>all</u> of the posts were created in the context of her campaign. Plaintiff is creating false disputes and trying to trick the Court with such a statement. Plaintiff's affidavit is a further attempt at blurring this line by adding facts about what she was doing with respect to her campaign during the same time that she made the social media posts. *See* Document 36-2, ¶¶ 2-6. At her deposition, however, Plaintiff stated that the account these posts were made on, under the "NanaMacof4" account name, was a private, anonymous account. *See* Document 29-3 at pp. 53:21-24. It is also unclear how she could clarify the timing of these posts if, as she testified, the "NanaMacof4" account was deleted by TikTok after she made the posts in question. *See* Document 29-3 at pp. 51:9-14.

The Court should not abide Plaintiff's improper tactics. To the extent Plaintiff seeks to use testimony submitted in her affidavit to now dispute Defendants' statement of facts and argue factual disputes exist in her Opposition, the affidavit in whole should be stricken. At a very minimum, those portions of the affidavit that contradict prior testimony must be stricken and any affiliated arguments made in Plaintiff's opposition must be disregarded. "The law does not permit [a Plaintiff} to contradict his sworn deposition testimony…by submitting an affidavit to manufacture conflicts of fact so as to defeat summary judgment. 'When an interested witness has given clear answers to unambiguous questions [at deposition], he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed.' See Mandarini v. Accurate Engineered Concrete, Inc., 2019 WL 7371942 at *2, citing Pena v. Honeywell Int'l Inc., 923 F. 3d. 18, 30 (1st Cir. 2019) (precluding a plaintiff from submitting an affidavit to manufacture conflicts of fact where the affidavit is contrary to deposition testimony).

Accordingly, the Defendants request that the Court strike Plaintiff's affidavit in full and, similarly, all arguments Plaintiff relies upon in her opposition where she uses the affidavit as support thereof.

[Signatures on following page]

                Respectfully submitted,

                Defendants,
                By their attorneys,

                */s/ Gregor A. Pagnini*
                Leonard H. Kesten, BBO #542042
                Gregor A. Pagnini, BBO #667659
                BRODY, HARDOON, PERKINS & KESTEN, LLP
                699 Boylston Street
                Boston, MA 02116
                (617) 880-7100
                lkesten@bhpklaw.com
                gpagnini@bhpklaw.com

Dated: April 14, 2023

## CERTIFICATION PURSUANT TO L.R. 7.1(a)(2)

I certify that counsel for the Defendants conferred with Plaintiff's Counsel about the filing of the motion to strike and attempted in good faith to resolve or narrow the issues presented by the foregoing motion.

                */s/ Gregor A. Pagnini*
                Gregor A. Pagnini, BBO#667659

Dated: April 14, 2023

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those participants indicated as non-registered participants.

*/s/ Gregor A. Pagnini*
Gregor A. Pagnini, BBO# 667659

Dated: April 14, 2023